UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| KENNETH DALE SANDERS | ) | | |
| --- | --- | --- | --- |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos: | 4:02-cr-54 |
| | ) | | 4:08-cv-32 |
| | ) | | *Collier* |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM**

This is a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Kenneth Dale Sanders ("petitioner"). The government has filed its response to the § 2255 motion and petitioner has filed his reply to the response. There is also pending petitioner's motion to adjudicate his § 2255. The motion to adjudicate will be **DENIED** as **MOOT**. For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I.  Standard of Review

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete

miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

Petitioner pleaded guilty to conspiracy to manufacture more than 50 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(B), and possession of firearms in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). He was sentenced as a career offender to a term of imprisonment of 262 months on the drug conviction and a consecutive term of 60 months on the firearms conviction, for a total effective sentence of 322 months.

On appeal, petitioner argued the district court erred in denying his motion to withdraw his guilty plea. The Sixth Circuit affirmed the denial of the motion to withdraw the guilty plea and affirmed the convictions, but the case was remanded for resentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Sanders*, 125 F. App'x 685

(6th Cir. March 17, 2005). Petitioner received the same sentence on remand, which was affirmed. *United States v. Sanders*, 207 F. App'x 602 (6th Cir. Dec. 5, 2006), *cert. denied*, 551 U.S. 1171 (2007). In support of his § 2255 motion, petitioner alleges he received the ineffective assistance of counsel.

III.   Discussion

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged

3

action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner alleges his attorney was ineffective in failing to object to his status as a career offender. For purposes of the sentencing guidelines, a career offender is defined as follows:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG §4B1.1(a). The definition for a controlled substance offense is set forth in USSG §4B1.2(b):

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

4

Petitioner's status as a career offender was based upon two prior convictions for felony possession of a controlled substances [Presentence Investigation Report, p. 5, ¶ 25]. The prior convictions were, specifically: felonious possession of a Schedule VI controlled substance in the Grundy County Circuit Court, for which petitioner received a suspended sentence of two years on July 7, 1997 [*id.* at 7, ¶ 34]; and possession of a Schedule II controlled substance for resale in the Grundy County Circuit Court, for which he received a suspended sentence of eight years on November 30, 1998 [*id.*, ¶ 36].

Petitioner contends his 1997 conviction for possession of a Schedule VI controlled substance was not a predicate offense for career offender status. According to petitioner, he pleaded guilty to possession of marijuana, a class "E" felony, and was sentenced to two years community service. He has attached a copy of his Judgment of Conviction in that case. [Memorandum of Law in Support of § 2255 Petition, Exhibit A, Judgment of Conviction]. Petitioner argues that simple possession of a controlled substance does not meet the definition of a controlled substance under § 4B1.2(b). He thus claims his attorney rendered ineffective assistance of counsel in failing to object to his status as a career offender.

Petitioner is correct that a state conviction for simple possession of a controlled substance does not meet the definition of § 4B1.2(b). He was not, however, convicted of only simple possession. Petitioner's Judgment of Conviction shows he was convicted pursuant to Tennessee Code Annotated § 39-17-417, which states:

> It is an offense for a defendant to knowingly:
> (1) Manufacture a controlled substance;
> (2) Deliver a controlled substance;

5

  (3) Sell a controlled substance; or
  (4) Possess a controlled substance with intent to manufacture, deliver or sell
   the controlled substance.

*Id*. § 39-17-417(a).

  It is the possession within intent to manufacture, deliver or sell that is criminalized by Tenn. Code Ann. § 39-17-417. Thus petitioner was convicted of possession with intent to manufacture, deliver or sell, and his conviction met the definition of a controlled substance under § 4B1.2(b) for purposes of career offender status. Because petitioner's 1997 conviction was properly counted as a predicate offense, counsel was not ineffective in failing to object to petitioner's status as a career offender. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

IV. Conclusion

  Petitioner has failed to demonstrate that he received the ineffective assistance of counsel under the *Strickland* standard. He is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed in forma pauperis on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing

6

of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.

28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**